IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

TRENNIS WADE CHAPMAN, SR.,          :
                                    :
     Plaintiff,                     :
                                    :
vs.                                 :   CIVIL ACTION 07-00795-WS-B
                                    :
LOUISIANA CORRECTIONAL SERVICES,:
et al.,                             :
                                    :
     Defendants.                    :

## REPORT AND RECOMMENDATION

Plaintiff Trennis Wade Chapman, Sr. filed the instant action while incarcerated at the Perry County Correctional Center (hereinafter "PCCC") in Uniontown, Alabama.  Plaintiff, who is proceeding pro se, filed a Complaint alleging violations under 42 U.S.C. § 1983, together with a Motion to Proceed Without Prepayment of Fees.[1]  (Docs. 1 & 10).  Plaintiff's requests to proceed in forma pauperis have been granted.  (Docs. 15 & 21).  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon careful review of Plaintiff's Amended Complaint (Doc. 14), it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

---

[1]Since filing this action, Plaintiff has been released from incarceration.  (Docs. 18 & 19).

**I.   Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding in forma pauperis, the Court is reviewing his Amended Complaint (Doc. 14) under 28 U.S.C. § 1915(e)(2)(B).[2]  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  In addition, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

In order to state a claim upon which relief can be granted, there must be "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  "[W]hen the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" a claim is facially plausible.  Id. at ___,

---

[2]The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  However, dismissal is now mandatory under § 1915(e)(2)(B). Id. at 1348-49.

129 S.Ct. at 1949.

Plausibility requires more than the possibility that the defendant engaged in unlawful conduct.  Id.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'"  Id. at ___, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)(requiring the statement of the claim to show that the pleader is entitled to relief)).  Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at ___, 129 S.Ct. at 1949.

A pro se litigant's allegations must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972) (holding that a pro se litigant's allegations are held to a more lenient standard than the those of an attorney). However, the Court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**II.  Analysis.**

   **A.  Nature of Proceedings.**

   Plaintiff initiated this action by filing a Complaint alleging violations 42 U.S.C. § 1983.  (Doc. 1).  In an Order dated February 14, 2008 (Doc. 6), Plaintiff was directed to file a new Complaint because his original Complaint was not on the form required for an action alleging § 1983 violations.  Plaintiff was advised that his new complaint would supersede his original Complaint.  (Doc. 6). In response thereto, Plaintiff filed the instant Amended Complaint. (Doc. 14).  In his Amended Complaint, Plaintiff names as Defendants David Strieff, warden at PCCC, and Tommy Buford, assistant warden at PCCC.  (Id. at 5-6).[3]

   Plaintiff's allegations are chiefly concerned with the timeliness of the dispensing of his prescribed medication and the adequacy of the medical treatment received for his back condition. (Id.).  To a great extent, the Amended Complaint contains numerous nebulous allegations, and legal conclusions, which are used to describe actions for which no facts have been provided.

   Plaintiff's Amended Complaint contains the following allegation:  "Plaintiff alleges an ongoing practice of 'deliberate indifference', [i]nadequate [m]edical [t]reatment, [m]edical

_____

   [3]These are the Defendants listed in section III of the complaint form.  (Doc. 14 at 5). The complaint form provides that the "defendants listed in section III of the complaint are deemed by the Court to be the only defendants to this action." (Id. at 1(D)).

4

negligence-[s]ince" his incarceration on May 7, 2002. (Id. at 1). In Plaintiff's first ground, he alleges that there "is an ongoing practice of ... erratic, haphazard dispensing of medication which has cause[d] irr[e]parable harm . . . physical[ly] and emotional[ly]." (Id.). For his second ground, Plaintiff alleges that his complaints concerning the pill-call procedure and the manner his medicine is dispensed have been unsuccessful, and his "'degenerative [b]ack' [c]ondition has never and was never dealt with from a medical perspective." (Id.). In his third ground, Plaintiff alleges that "he was denied medical treatment [and] the medical treatment that he did receive was/is woefully substandard [and] has irre[]parably harmed Plaintiff Chapman by continually allowing Plaintiff Chapman to suffer dizziness, chronic back [p]ain, emotion anxiety, stress, [and] duress[.]" (Id.).

With respect to Plaintiff's claims against the named Defendants, Plaintiff's specific claim against Defendant Strieff is based on the fact that he is in charge of the facility. (Id. at 5). The actions supporting this claim are described as occurring from May 7, 2007 to December 18, 2007, when Plaintiff was regularly denied his prescribed medication, "thereby allowing for '[d]elibertate [i]ndifference' [i]nadequate [m]edical [t]reatment, [and] medical neg[li]gence." (Id.). Plaintiff's specific claim against Defendant Buford is that as the assistant warden, he "acted in concert with the Warden to deny [Plaintiff] medical treatment

and [he] allowed for the [m]edical staff at P.C.C.C. to be allowed to foster an [e]nvironment where the medical staff could look the other way when Plaintiff . . . grievanced the medical issues." (Id.).

Attached to Plaintiff's Amended Complaint is a grievance that Plaintiff alleges was submitted to the warden for the purpose of exhausting his administrative remedies.  (Id. at 8).   In the grievance, Plaintiff asserts that he has spoken with his unit manager about finding a solution to the problem of his medication being dispensed thirty minutes to several hours late because the "the medication does not have the prescribed affect."  (Id. at 8-9).   According to Plaintiff, he takes medication for high blood pressure and Seraquill for severe mood swings.  (Id. at 9). Plaintiff also alleges that he has "[d]egenerative [s]pinal [d]isease and [he is] not being properly treated for it[.]" (Id.).

Plaintiff states that a federal facility would have a "medical dep[artment that is] better suited to his needs . . . [and that] unless this Administration changes the structure of their [p]ill [c]all procedure and help[s] [him] get proper treatment for [his] [b]ack[, he] will continue to suffer." (Id. at 9-10).  Plaintiff requests to be transferred to a federal facility where his treatment would be consistent with the Bureau of Prisons' guidelines.  (Id. at 10).  To this end, Plaintiff filed a Motion for Injunctive Relief with his Amended Complaint.  (Id. at 11-13).

In addition to this request for an injunction, Plaintiff requests $700,000 in compensatory and punitive damages.  (Id. at 7).

**B.   Analysis.**

**1. Law Regarding Medical Claims.**

"[I]n order to state a cognizable [§ 1983] claim [in a medical context], a prisoner must allege acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976).  Negligence in treating and in diagnosing does not rise to level of deliberate indifference, and "an inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment.  Id. at 105-06, 97 S.Ct. at 292.  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106, 97 S.Ct. at 292. Moreover, it is only those needs that are serious that can be addressed "[b]ecause society does not expect that prisoners will have unqualified access to health care[.]"  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992).  Furthermore, a defendant must be causally connected to a claim by showing a defendant's actions, orders, customs, or policies caused a deprivation of a plaintiff's constitutional rights in order to state a claim upon which relief may be granted against a defendant in a § 1983 action.  Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th

Cir.) (same), <u>cert. denied</u>, 464 U.S. 932 (1983).

### 2.   Plaintiff's General Description of Claims.

An examination of the general description of claims contained on page 4 of Plaintiff's Amended Complaint reflects that Plaintiff did not refer to either Defendant.   (Doc. 14 at 4).   In this description, Plaintiff merely alleges "an ongoing practice of '[d]eliberate [i]ndifference', [i]nadequate [m]edical [t]reatment, [m]edical negligence"; "erratic, haphazard dispensing of medication which has cause[d] irr[e]parable harm to Plaintiff['s] physical [and] emotional [h]ealth"; "Plaintiff [has a] 'degenerative [b]ack' condition [that] . . . was never dealt with from a medical perspective"; and "he was denied medical treatment [and] the medical treatment that he did receive was/is woefully substandard."  (<u>Id.</u>). These statements are nebulous at best.   They contain absolutely no facts that would permit the Court to draw the conclusion that specific actions of a named defendant amounted to a deliberate indifference to a medical need that was serious.   Therefore, these claims are not plausible.  <u>Iqbal</u>, ___U.S. at ___, 129 S.Ct. at 1949.

The Court acknowledges that Plaintiff mentions dizziness, chronic back pain, emotional anxiety, stress and duress.  (<u>Id.</u>). However, the lack of factual allegations or his limited allegations regarding his back condition preclude the Court from reaching a conclusion that a serious medical need is involved.  Accordingly, Plaintiff has failed to state a claim upon which relief can be

granted on the foregoing allegations.

   **3.   Plaintiff's Claim Against Each Defendant.**

Turning to section III of Plaintiff's Amended Complaint, at page 5, Plaintiff allegations fail to state a claim upon which relief can be granted.  According to Plaintiff, Defendant Strieff denied him prescribed medications regularly "thereby allowing for '[d]eliberate indifference,' [i]nadequate [m]edical [t]reatment, [and] [m]edical neg[li]gence."  (Id. at 5).  Plaintiff also allges that Defendant Buford "acted in concert with the Warden to deny [Plaintiff] medical treatment" and "allowed an [e]nvironment [to be fostered] where the medical staff could look the other way when Plaintiff" complained of medical problems to them.  (Id.).  These allegations lack specific facts that would allow the Court to draw the conclusion that Plaintiff's constitutional rights were violated. Id.

At best, these allegations of "allowing" sound in negligence. However, negligence is not actionable in a § 1983 action.  Estelle, 429 U.S. at 105-06, 97 S.Ct. at 292 (negligence in treating and in diagnosing does not rise to the level of deliberate indifference which is required for stating a violation of the Eighth Amendment); see Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986) ("a negligent act of an official causing unintended loss of or injury to life, liberty, or property" does not violate the Constitution); Davidson v. Cannon, 474 U.S. 344, 348,

106 S.Ct. 668, 671, 88 L.Ed.2d 677 (1986)("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials.").

Furthermore, Plaintiff's allegation that Defendant Buford acted in "concert" is conclusory as no other facts are provided to support this assertion.  Given that Plaintiff has provided no indication of the intended meaning of the word "concert," the Court analogizes it to a conspiracy.  A conclusory allegation of conspiracy, however, fails to state a claim upon which relief can be granted.  Fullman v. Graddick, 730 F.2d 553, 556-57 (11th Cir. 1984).

In addition, Plaintiff complains that the medical staff "looked the other way" when he submitted a grievance to them.  The law is well settled that there is no constitutional right to receive a response to a grievance.  Brown v. Dodson, 863 F.Supp. 284, 285 (W.D. Va. 1994); Greer v. DeRobertis, 568 F.Supp. 1370, 1375 (N.D. Ill. 1983); see Kilgo v. Ricks, 983 F.2d 189, 194 (11th Cir. 1993) (dismissing as frivolous the claim against prison commissioner for failure to respond to an inmate's complaints about the denial of medical care because there were no allegations of personal involvement or of a policy by commissioner in the underlying claim); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) (holding there is no entitlement to a grievance procedure), cert. denied, 488 U.S. 898 (1988).

It is also noteworthy that Defendants Strieff and Buford are correctional officials, not medical personnel. Plaintiff has not offered any explanation as to just how these supervisory, correctional Defendants are involved in his medical issues.

### 4. Application of <u>Respondeat</u> <u>Superior</u>.

According to Plaintiff, he lodged his claim against Defendant Strieff because he is in charge of PCCC. (Doc. 14 at 5). Thus, Plaintiff seeks to impose liability against Defendant Strieff for the actions of a subordinate or an employee. However, in a § 1983 action, liability cannot be imposed against a supervisor solely on the basis of the actions of an employee or a subordinate. <u>Fundiller v. City of Cooper City</u>, 777 F.2d 1436, 1443 (11th Cir. 1985) (holding a supervisor cannot be held liable in a § 1983 action under the theory of <u>respondeat</u> <u>superior</u> solely for the acts of a subordinate). Section 1983 imposes liability only when one person causes injury to another. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 692, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). That is, a defendant cannot be held liable on the basis of <u>respondeat</u> <u>superior</u> or vicarious liability for the constitutional violation that is caused by another when there is no showing of a causal connection between the actions of the defendant and the constitutional violation. <u>Id.</u> at 691, 98 S.Ct. at 2036. In other words, "[s]upervisory liability . . . occurs either when the supervisor personally participates in the alleged constitutional

11

violation or when there is a causal connection between actions of
the supervising official and the alleged constitutional violation."
Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003).   "The
standard by which a supervisor is held liable in [his] individual
capacity for actions of a subordinate is extremely rigorous."  Id.

In the instant action, Plaintiff's allegations do not suggest
that Defendant Strieff directed the medical care for inmates or for
Plaintiff,  or  that  he  had  the  medical  credentials  to  do  so.
Plaintiff's allegations also fail to reflect that Defendant Strieff
had any personal involvement with Plaintiff's medical treatment,
that  he  had  a  policy  or  custom  that  resulted  in  Plaintiff's
complained of treatment, or that he directed a subordinate to act
unlawfully or knew that a subordinate would do so and failed to
stop the subordinate.  See Id. at 1234-35.

In regards to Defendant Buford, Plaintiff alleges that he
acted in concert with Defendant Strieff to deny Plaintiff medical
treatment.  Without additional facts to support this allegation, no
claim has been stated.  As noted supra, Plaintiff has failed to
proffer facts that suggest a conspiracy, and has further failed to
show  that  Defendant  Buford  had  any  personal  involvement  in
Plaintiff's medical treatment, or that he had a policy or custom
that resulted in Plaintiff's complained of treatment.

Furthermore,  Plaintiff's allegations that Defendant Buford
allowed  an  environment  to  exist  where  the  medical  staff  could

12

ignore Plaintiff's medical grievances, are conclusory and vague. In order to state a claim, Plaintiff is required to allege facts that would lead the Court to the conclusion that a claim is plausible. Iqbal, ___U.S. at ___, 129 S.Ct. at 1949. Plaintiff has simply failed to offer any facts that would lead this Court to conclude that this Defendant was deliberately indifferent to a serious medial need. See Estelle, 429 U.S. at 106, 97 S.Ct. at 292 (in the medical context, "in order to state a cognizable claim [under the Eighth Amendment], a prisoner must allege acts or omissions sufficiently harmful to evidence a deliberate indifference to serious medical needs"). For the above reasons, Plaintiff has failed to state a claim against Defendants Strieff and Buford on the individual claims that are directed to them. (Doc. 14 at 5).

### 5. Inconsistent Allegations.

Finally, the Court observes that many of Plaintiff's allegations appear to contradict each other. For example, Plaintiff states that he was denied his medications (Doc. 14 at 5), but then he alleges that his medications were not given to him in a timely manner. (Id. at 4 & 8). Plaintiff also alleges at one point in his Complaint, that he is not being properly treated for his spinal disease, and that he needs "proper" treatment for it, yet at another point in the Complaint, he alleges that "he was denied medical treatment [and] the medical treatment that he did

13

receive was/is woefully substandard . . . causing him to suffer dizziness, chronic back pain, emotional anxiety, stress [and] duress." (Id. at 4, 9-10).  Besides being nebulous, Plaintiff's allegations do not appear to be consistent with each other.  One allegation indicates that there is a total denial of medication or medical care, while in another allegation, Plaintiff indicates that the medication or medical care being received is not in the manner that Plaintiff would like.  Contradictory allegations are considered baseless and serve as grounds for a frivolous dismissal. Battle v. Central State Hosp., 898 F.2d 126, 130 n.3 (11th Cir. 1990); see Bilal, 251 F.3d at 1350 (discounting allegations because each amended complaint presented a different story); Nails v. Franklin, 279 Fed. Appx. 899 (11th Cir. May 30, 2008) (considerable doubt was cast on the reliability of factual assertions because each filing presented different allegations).  Further, where the dispute is over the adequacy of the medical care, as opposed to the denial of medical care, a constitutional claim is generally not stated.  Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir.) ("Where a prisoner has received . . . medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law.") (quotation omitted), cert. denied, 475 U.S. 1096 (1986).

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The attached sheet contains information regarding objections to the Report and Recommendation.

DONE this **6th** day of **April, 2010.**

        /s/ Sonja F. Bivins
        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.   Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.

---

[4]Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"   Fed.R.Civ.P. 72(b)(2).

Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate
judge finds that the tapes and original records in this action are
adequate for purposes of review.  Any party planning to object to
this recommendation, but unable to pay the fee for a transcript, is
advised that a judicial determination that transcription is
necessary is required before the United States will pay the cost of
the transcript.

     **DONE** this the **6th** day of **April, 2010.**


                         _____/s/ Sonja F. Bivins_____
                         **UNITED STATES MAGISTRATE JUDGE**